| | |
|---|---|
| MARQUITA EVANS | UNITED STATES DISTRICT COURT |
| VERSUS | WESTERN DISTRICT OF LOUISIANA |
| C.A.R. TRANSPORT, INC., ET AL | CIVIL NO.: _____/JUDGE: _____ |

<u>PETITION FOR DAMAGES</u>

Plaintiff, Marquita Evans, respectfully submits the following Petition for Damages.

1. Made Defendants herein are:

    a. CAR Transport, Inc. (hereinafter referred to as "Trucking Company"), a Texas entity that can be served through its registered agent for service of process named Patricia G. Lockard located at 417 Lincoln Oaks in Burleson, Texas 76028.

    b. National Interstate Insurance Company (hereinafter also referred to as "Insurer"), an insurer, who can be served through its registered agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

    c. Patrick Hubbard (hereinafter referred to as "Driver"), a resident of the State of Texas who may be served with process at 25 N. Circlewood Glen, Spring, Texas 77381 or where he may be found.

2. The amount in controversy exceeds $75,000.

3. This Court has jurisdiction based on diversity of citizenship.

4. Venue is proper as or a substantial part of the events or omissions giving rise to the claim occurred within the Western District.

5. On April 2, 2021, Plaintiff was operating a 2008 Dodge Nit VIN# 1D8GT28K58W109880 and traveling north in the left lane on Johnny B. Hall Memorial Highway in Vernon Parish, Louisiana, when Trucking Company's 18-wheeler, operated by Patrick Hubbard (hereinafter referred to as "Driver") was traveling in the right lane, suddenly and without warning turned left in front of Plaintiff's vehicle (hereinafter referred to as "Subject Incident").

6. At the time of the Subject Incident, Driver was operating the 18-wheeler, with permission of Trucking Company, in the course and scope of employment with Trucking Company on the roadway, when Driver's vehicle struck the vehicle driven and occupied by Plaintiffs, causing Plaintiffs' injuries and damages.

7. Driver was cited for "failure to yield" and Plaintiff was free from any fault in causing or contributing to the Subject Incident.

8. Trucking Company is vicariously liable for the actions and/or inactions of its employee, Driver, who was acting in furtherance of a business enterprise

and/or in furtherance of a business mission, through the doctrine of *respondeat superior* for the injuries and damages suffered by Plaintiffs.

9. Driver was reckless while operating the 18-wheeler and Plaintiffs are entitled to exemplary and punitive damages for the injuries and damages caused by this gross, willful, wanton and reckless behavior.

10. Trucking Company was solely and exclusively responsible for maintaining, repairing, and keeping the vehicle free from defects at the time of the Subject Incident.

11. Plaintiff hereby adopts, restate and re-allege each and every paragraph of this Petition as if fully and completely set forth herein.

12. Upon information and belief and at all times relevant herein, the aforementioned Subject Incident and/or collision were caused totally, solely and/or concurrently through the negligence and/or fault of the Defendants in the following non-exclusive particulars, to-wit:

    a. Inattentiveness;
    b. Failing to yield;
    c. Careless operation of a motor vehicle;
    d. Operating a motor vehicle in an unsafe manner; and
    e. Failure to follow Federal Motor Carrier Safety Regulations.

13. As a result of the aforementioned accident, Plaintiff sustained injuries and damages, which they outline in the following non-exclusive particulars, to-wit;

    a. Medical Expenses;
    b. Loss of earnings and impaired earning capacity;
    c. Physical pain and suffering;
    d. Humiliation;
    e. Shame;
    f. Embarrassment;
    g. Isolation;
    h. Despair;
    i. Loss of Mobility;
    j. Mental distress, worry and anxiety;
    k. Emotional trauma and insecurity;

  l.  Permanent disability;

  m.  Gross scarring and disfigurement;

  n.  Loss of enjoyment of life and inconvenience;

  o.  Punitive and Exemplary Damages;

  p.  Attorney's Fees;

  q.  Legal interest from the date of judicial demand; and

  r.  All costs of court and expenses incurred in the prosecution of this litigation.

14. Plaintiff hereby adopts, restate and re-allege each and every paragraph of this Petition as if fully and completely set forth herein.

15. Plaintiff prays that Defendants be cited to appear and answer herein and that upon a final hearing of the cause, judgment is entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together a=with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

RESPECTFULLY:
PATRICK DANIEL LAW

*[signature]*

PATRICK DANIEL
TRIAL ATTORNEY COUNSEL FOR PLAINTIFF(S)

| LOUISIANA | TEXAS | WISCONSIN |
|---|---|---|
| BAR NUMBER 27753 | BAR NUMBER 24089305 | BAR NUMBER:1117666 |

CERTIFICATE OF SERVICE
THIS PLEADING WAS SERVED ON ALL COUNSEL OF RECORD VIA ELECTRONIC MAIL
MAILING|7941 KATY FREEWAY, BOX 791; HOUSTON, TEXAS 77024
PHYSICAL|4801 WOODWAY DRIVE, SUITE 440-W, HOUSTON, TEXAS 77056