UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARQUITA EVANS**              **CASE NO. 2:22-CV-00864**

**VERSUS**                       **JUDGE JAMES D. CAIN, JR.**

**CAR TRANSPORT INC ET AL**      **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is "Defendants' Rule 12(B)(6) Motion to Dismiss" (Doc. 13) filed by Defendant, National Interstate Insurance Company ("National Interstate") and C.A.R. Transport, Inc. ("C.A.R Transport") who move to dismiss Plaintiff, Marquita Evans' claims for punitive or exemplary damages and attorney's fees pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to the motion and the time for doing so has lapsed.

## INTRODUCTION

Plaintiff seeks recovery against Defendant, National Interstate, C.A.R. Transport, and Patrick Hubbard for alleged damages arising from a motor vehicle accident. Plaintiff seeks numerous categories of damages, including punitive and/or exemplary damages and attorney's fees.[1]

## RULE 12(b)(6) STANDARD

Because the grounds for dismissal under Rule 12(b)(6) result in dismissal of the claims at issue against both defendants, and defective service could still be cured, the court will first analyze the grounds asserted under Rule 12(b)(6).

---

[1] Doc. 1, ¶ ¶ 13(o) and 13(p).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants move to dismiss Plaintiff's claims for punitive and exemplary damages because they are impermissible in this type of case under Louisiana Law. Louisiana has a general public policy against the award of punitive damages; such damages are only available when expressly authorized by statute. *Hancock v. Higman Barge Lines, Inc.,* 2017 WL 3582433, at *4 (E.D. La. Aug. 18, 2017) (*citing Ross v. Conoco, Inc.,* 828 So.2d 546, 555) (La. Oct. 15, 2002).

Defendants also move to dismiss Plaintiff's claims for attorney's fees. As a general rule, attorney's fees are not assessable as an item of damages except where provided for by statute or by contract. *Montz v. Theard*, 818 So.2d 181, 192 (La. App. 1 Cir. 2/27/02). The imposition of attorney's fees is penal in nature, is not favored, and should not be imposed except in cases which are clear and free from any doubt. *Colonial Pipeline Co. v. Traigle*, 353 So.2d 728, 730 (La.App. 1 Cir. 1977).

Plaintiff has not cited to any statutory authority that would authorize the imposition of punitive and/or exemplary damages, or attorney's fees based off the facts of this case.

## CONCLUSION

For the reasons set forth herein, the Court will grant Defendants' Rule 12(B)(6) Motion to Dismiss (Doc. 13) and dismiss with prejudice Plaintiff's claims for punitive and/or exemplary damages, or attorney's fees.

**THUS DONE AND SIGNED** in Chambers this 8th day of July, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**