UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARQUITA EVANS** | : | **DOCKET NO. 2:22- CV-00864** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CAR TRANSPORT INC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Compel Discovery Responses [doc. 17] filed by defendants C.A.R. Transport Inc. and National Interstate Insurance Company. The time for response has passed, making this motion ripe for resolution. For reasons set forth below, the court finds that the motion should be **GRANTED**.

### I.
#### BACKGROUND

This dispute arises from a motor vehicle accident involving plaintiff Marquita Evans and defendant Patrick Hubbard. Doc. 17, att. 1, p. 1. Defendants C.A.R. Transport, Inc. and National Interstate Insurance Company ("defendants") propounded written discovery upon plaintiff in the form of interrogatories, requests for production, and requests for admission. *Id.* at p. 3. Plaintiff provided no response to the discovery requests within the thirty-day deadline. *Id.* at p. 2. Defendants' counsel and plaintiff's counsel held a Rule 37 conference to discuss the matter, and defendant's counsel agreed to an extension, giving plaintiff an additional sixteen days to respond. *Id.* Plaintiff again failed to respond; nevertheless, defendants allowed her an additional extension of seventeen days. *Id.* Plaintiff has yet to respond. *Id.*

Defendants then filed the instant motion to compel plaintiff's response to the propounded interrogatories and requests for production. Doc. 17.  Plaintiff did not respond to the instant motion.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34.  "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original).  "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

After reviewing defendants' motion and the attached interrogatories and requests for production, we find that defendants have met their burden and shown that the discovery requests are within the scope of permissible discovery.  Plaintiff has failed to rebut this showing; thus, we grant the Motion to Compel Discovery.

Defendants also seek to recover attorney's fees and costs associated with the filing of the instant motion. Doc. 17, p. 1.  We must award fees and costs if a motion to compel is granted or if

requested discovery responses are provided after the motion to compel is filed, but we are not required to award fees and costs if other circumstances make an award of those expenses unjust. FED. R. CIV. P. 37(a)(5)(A).

In this case, plaintiff has failed to respond to defendants' discovery requests within the delays provided by law. Furthermore, after a Rule 37 conference and receiving two deadline extensions from defendants, plaintiff still has not responded. Thus, plaintiff has utterly failed to respond to discovery requests, in contravention of the Federal Rules of Civil Procedure. Additionally, plaintiff did not respond to the instant motion to explain why she has yet to respond to defendants' discovery requests. Thus, there exists no circumstances of which we are aware that would render an award of reasonable expenses unjust. Therefore, we grant defendants' request for reasonable attorney's fees and costs.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Compel Discovery [doc. 17] be **GRANTED**. MARQUITA EVANS is THUS ORDERED to provide full and complete responses to the discovery requests from C.A.R. TRANSPORT INC. and NATIONAL INTERSTATE INSURANCE COMPANY on or before January 6, 2023. Defendants are to advise the court whether responses are received timely. Plaintiff is cautioned that her failure to abide by this court could result in a *sua sponte* issuance of a recommendation addressed to the district court recommending additional sanctions, which would include a recommendation that the claim be dismissed for failure to prosecute and abide by rules.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), plaintiff MARQUITA EVANS shall pay defendants' reasonable attorney's fees and

-4-

costs incurred by filing this motion to compel.  Within twenty-one (21) days of the signing of this order, C.A.R. TRANSPORT INC. and NATIONAL INTERSTATE INSURANCE CO. shall file an itemized statement of fees and expenses incurred by preparing and filing this motion, supported by affidavit.  MARQUITA EVANS may contest the reasonableness of such fees and costs within ten (10) days of the statement's filing.

    THUS DONE AND SIGNED in Chambers this 20st day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE