UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MARQUITA EVANS                            :        DOCKET NO. 2:22-cv-00864


VERSUS                                    :


C.A.R TRANSPORT, INC., ET AL              :        MAGISTRATE JUDGE LEBLANC


## MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 83] and Motion to Strike [doc. 85] filed by plaintiff Marquita Evans. Defendants C.A.R. Transport, Inc., Patrick Hubbard, and National Interstate Insurance Company (collectively, "Defendants") opposed both motions.  A hearing on the motions was conducted on May 28, 2026.  For reasons set forth below, each motion is **GRANTED IN PART** and **DENIED IN PART**.

Also before the court is Defendants' Motion for Protective Order [doc. 90].  The time for response passed with none being filed, making this motion ripe for resolution.  By agreement of the parties, this motion was addressed at the hearing on May 28, 2026.  For reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

In connection with each of these motions [docs. 83, 85, 90], the respective mover requested an award of reasonable expenses and attorney fees.  For the reasons set forth below, all of these requests are **DENIED**.

## I.
### BACKGROUND

This dispute arises from a motor vehicle accident involving plaintiff Marquita Evans and defendant Patrick Hubbard. Doc. 32, att. 1, p. 1.  In her complaint, Plaintiff claims defendants

- 1 -

C.A.R. Transport, Inc. ("CAR"), Hubbard's employer at the time, and National Interstate Insurance Company, "an insurer", are liable for the negligence of defendant Hubbard in his inattentiveness, failure to yield, careless operation of a motor vehicle, operation of a motor vehicle in an unsafe manner, and failure to follow Federal Motor Carrier Safety Regulations. Doc. 3, pp. 3-4.  On March 30, 2026, a Joint Liability Stipulation was entered into the record providing that Hubbard is 100% at fault for the collision, Plaintiff is 0% at fault, and Hubbard was in the course and scope of his employment with CAR at the time of the collision. Doc. 80.

Plaintiff now moves to compel responses to discovery requests that were propounded months before the instant motion, dates for a myriad of depositions, and supplementation of Defendants' prior document productions because Plaintiff argues the original productions fail to clearly identify to which request(s) the documents are responsive. Doc. 83, att. 2, p. 1.  The discovery requests include two sets of interrogatories and requests for production (RFP"), one sent to CAR [doc. 83, att. 5] and one sent to Hubbard [*Id.* at att. 12].  Plaintiff argues compulsion is warranted principally because Defendants' objections to most all the requests are that discovery regarding anything other than causation of damages and quantum of damages is irrelevant in light of the liability stipulation. Doc. 88, p. 2.  Plaintiff counters that discovery is relevant to her claims of punitive damages, gross negligence, and negligent entrustment [doc. 83, att. 2, p. 5], but Defendants point out that Plaintiff's punitive damages claim was previously dismissed [doc. 16] and Plaintiff has not asserted any claims of direct negligence (e.g., negligent entrustment, negligent hiring, failure to train, etc.) on the part of CAR or claims of gross negligence by any defendant in her complaint. Doc. 88, p. 9.

Plaintiff also moves this court to strike Defendants' answers to her propounded requests for admissions. Doc. 85.  Specifically, Plaintiff argues the answers should be struck, and all

requests deemed admitted, because the answers were untimely, included boilerplate objections, and were not answered individually, but jointly, by the Defendants. *Id.* at att. 2, pp. 2-3.   In response, Defendants argue the requests for admission were issued only to CAR, so they were not improperly jointly answered, and CAR's answers are sufficient in light of the stipulation. Doc. 89, p. 1.

Finally, Defendants move for a protective order protecting against Plaintiff's discovery and deposition requests that are irrelevant to the remaining issues of causation of damages and quantum. Doc. 90, p. 1.   Specifically, Defendants request a protective order against Plaintiff's discovery requests that fall outside these issues and against depositions of any individuals who have no knowledge relevant to these issues, including limiting the scope of defendant Hubbard's deposition to these remaining issues. *Id.* at att. 1, pp. 1-2.   Plaintiff did not respond to this motion.

A hearing on all of these motions was held on May 28, 2026.

## II.
### LAW AND ANALYSIS

### A.  *Motion to Compel*

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if the other party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

Here, because the Joint Stipulation of Liability [doc. 80] confirms defendant Hubbard is 100% at fault and CAR is vicariously liable, because there are no direct negligence claims against CAR in Plaintiff's Complaint [doc. 3], and because this court previously dismissed Plaintiff's

punitive damages claims [doc. 16], the only contested issues remaining for trial are the causation of Plaintiff's injuries and the extent of her damages, if any. *See Harmanson v. Ryan*, No. 1-15-CV-179, 2016 WL 7212954 at *1 (E.D. Tex. Jan. 6, 2016) (holding that because of defendants' stipulation to liability, information regarding road tests, background information of the driver, safety regulations, alcohol testing, and the driver's whereabouts before the incident were irrelevant); *George v. Herrera*, No. 1:18CV272-HSO-JCG, 2020 WL 13490748, at *3 (S.D. Miss. Jan. 22, 2020) ("In light of Defendant's Stipulation of Liability and the dismissal of the punitive damages claim, only the question of Plaintiff's actual damages remains for trial. Any evidence or testimony pertaining to Donley's intoxication or what caused the accident is not probative of the remaining issue for trial—Plaintiff's actual damages. . . . the Court is not persuaded that evidence related to the cause of the accident, or any alleged gross negligence on the part of Donley, is probative of any factual finding the jury must make."). Thus, the court finds that discovery of any information that does not pertain to causation of Plaintiff's injuries and the extent of damages suffered by her is irrelevant and disproportionate to the needs of this case in its current posture. Accordingly, for this reason and the reasons stated orally on the record at the hearing, the Motion to Compel [doc. 83] is **GRANTED IN PART** and **DENIED IN PART** as follows:[1]

Requests to CAR:

The Motion to Compel [doc. 83] as to CAR Interrogatory Nos. 4-6, 8, 9, 11-15, 17-19, and 22 and RFP Nos. 1, 2, 4-19, 21, 23, 34-40, 47, 62, 65, 66, 69, 71, 73, 79-87, 89, 92-95, 97, 99-106, 108, 111-114, 117, 118, 119(d), 119(f)-(j), 119(m)-(o), 119(s)-(w), 119(z)-(ll), 120 is **DENIED** as these requests seek information that is irrelevant to the remaining issues for trial, and so, also disproportionate to the needs of the case.

---

[1] The court used the parties' Joint Submission Regarding Discovery Requests Still in Dispute prepared and provided pursuant to the Notice of Motion Setting [doc. 84] to pinpoint which requests remain at issue.

The Motion to Compel [doc. 83] as to CAR Interrogatory Nos. 1-3, 7, 10, 16, 20, and 21 and RFP Nos. 3, 24, 25, 33, 48, 63, 64, 67, 68, 70, 74, 90, 91, 96, 107, 115, and 116 is **GRANTED** without limitation. CAR shall provide full and complete responses within the time hereafter set forth.

The Motion to Compel [doc. 83] as to the remaining requests to CAR is **GRANTED** but limited as follows:

- *RFP Nos. 20, 22, 49, 50, & 98*: These requests are limited to documents pertaining to the day of the collision.  CAR need not provide documents created prior to the date of the collision.

- *RFP Nos. 75 & 88*: These requests are limited to documents pertaining to the circumstances of the collision such as, *inter alia*, weight and configuration of the truck/cargo, speed/braking data, force/angle/mechanics of impact, etc.  CAR need not produce documents that do not pertain to the circumstances of the collision.

- *RFP Nos. 109 & 110*: These requests are limited to documents pertaining to the circumstances of the collision such as, *inter alia*, weight and configuration of the truck/cargo, speed/braking data, force/angle/mechanics of impact, etc., and pertaining only to the day of the collision.  CAR need not produce documents that do not pertain to the circumstances of the collision or documents created prior to the date of the collision.

- *RFP Nos. 119(a)-(c), (e), (k), (l), (p)-(r), (x), (y)*: All of these requests are limited to documents pertaining to the day of the collision.  CAR need not provide documents created prior to the date of the collision.  Additionally:

- o The request in subsection (k) is further limited to documents from the on-board computer system reports, printouts and otherwise downloadable information of any type.  CAR need not produce documents from Global Positioning Systems or satellite tracking systems, except to the extent such documents disclose information pertaining to the circumstances of the collision such as, *inter alia*, weight and configuration of the truck/cargo, speed/braking data, force/angle/mechanics of impact, etc.

- o The request in subsection (l) is limited to documents pertaining to the circumstances of the collision such as, *inter alia*, weight and configuration of the truck/cargo, speed/braking data, force/angle/mechanics of impact, etc.  CAR need not produce documents that do not pertain to the circumstances of the collision.

Requests to Hubbard:

The Motion to Compel [doc. 83] as to Hubbard Interrogatory Nos. 4-6, 11, 12, and 14-19 and RFP Nos. 1-2, 14, 22, 25-29, 31, 32, 42, 43, 45, 47-50, and 54-59 is **DENIED** as these requests seek information that is irrelevant to the remaining issues for trial, and so, also disproportionate to the needs of this case.

The Motion to Compel [doc. 83] as to Hubbard Interrogatory Nos. 1-3, 8-10, and 13 and RFP Nos. 3-13, 16-18, 23, 24, 44, 46, 51-53 is **GRANTED** without limitation. Hubbard shall provide full and complete responses within the time hereafter set forth.

The Motion to Compel [doc. 83] as to the remaining requests to Hubbard is **GRANTED** but limited as follows:

- • *Interrogatory No. 7*: This request is limited to information that pertains to the circumstances of the collision such as, *inter alia*, weight and configuration of the

truck/cargo, speed/braking data, force/angle/mechanics of impact, etc.  Hubbard need not provide details regarding the personnel and entities involved, what he was doing (other than as pertains to the circumstances of the collision), where he was going, who instructed him to perform the task/trip/travel and for what purpose as originally requested.

- *RFP No. 15*: This request is limited to exhibits and/or documentary evidence that Hubbard plans on introducing at trial in this matter.  Hubbard need not provide any impeachment or rebuttal evidence as this is not required under Federal Rules of Civil Procedure 26.

- *RFP No. 21 & 30*: These requests are limited to documents pertaining to the circumstances of the collision such as, *inter alia*, weight and configuration of the truck/cargo, speed/braking data, force/angle/mechanics of impact, etc.  Hubbard need not produce documents that do not pertain to the circumstances of the collision.

Defendants shall provide full and complete responses to the preceding discovery requests subject to the limitations set out above **within fourteen (14) days of this Memorandum Order**. Defendants shall properly organize and produce any responsive documents so that it is clear to Plaintiff to which request(s) the document(s) is(are) responsive.

In the event Defendants contend any of the documents compelled by this Memorandum Order do not exist or are not in its possession, custody, or control, they shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Plaintiff within the response deadline.

Finally, with respect to any document productions previously made by Defendants, Defendants shall make an amended production in which the documents previously produced shall be properly organized and identified so that it is clear to Plaintiff to which RFP or other discovery request(s) the document(s) is(are) responsive.  This amended production shall be made by Defendants within fourteen (14) days of this Memorandum Order.

Deposition Requests:

Plaintiff also seeks an order compelling a handful of depositions.[2]  As explained above, the Joint Stipulation of Liability [doc. 80] has rendered many of these depositions irrelevant and disproportionate.  Accordingly, the Motion to Compel [doc. 83, att. 15, p. 8] depositions of CAR's safety representative and CAR employees other than defendant Hubbard, specifically, Gerald Price, Zac Watson, and Cal Ochoa, is **DENIED**.

The Motion to Compel [doc. 83, att. 15, p. 8] the deposition of CAR and Hubbard, however, is **GRANTED**.  These depositions shall be limited to topics solely related to the circumstances of the collision such as, *inter alia*, weight and configuration of the truck/cargo, speed/braking data, force/angle/mechanics of impact, etc., causation of Plaintiff's injuries and her damages.

Additionally, as ordered orally on the record at the May 28, 2026 hearing, by June 3, 2026, the parties shall participate in a conference either in person or by telephone to identify all remaining deponents and to provide one another every available deposition date counsel has between the conference date and July 31, 2026.  The parties shall hold each of these available dates open until all remaining depositions are scheduled within this window.  Finally, the parties are further ordered to file no later than June 5, 2026, a joint status report regarding their efforts to arrange all remaining depositions.

---

[2] The court notes again that it is only addressing the requested depositions set out in the Joint Submission Regarding Discovery Requests Still in Dispute prepared and provided pursuant to the Notice of Motion Setting [doc. 84].

### B. *Motion to Strike*

Pursuant to Federal Rule of Civil Procedure 36,

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> **(A)** facts, the application of law to fact, or opinions about either; and
> **(B)** the genuineness of any described documents.

> \* \* \*

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

> \* \* \*

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Here, although Plaintiff seeks to have all Requests for Admission that were sent to CAR [doc. 85, att. 3] admitted due to CAR's untimely answers and boilerplate objections, as discussed above, many of these requests are now irrelevant due to the Joint Stipulation filed by the parties [doc. 80]. There are a handful of requests, however, that are relevant to the issues remaining for trial to which CAR provided only boilerplate objections [Doc. 85, att. 5], which fail to raise a justifiable reason to withhold an answer to the request. *See Scott v. United States Postal Serv.*, No. CV 15-712-BAJEWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) ("conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" (Citations omitted)); *Romero v. United States*, No. 6:23-CV-00032, 2024 WL 436892 at *2 (W.D. La. Feb. 2, 2024) ("Boilerplate objections are unacceptable."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (Holding that the only thing a

boilerplate objection accomplishes is waiver of the objection).   Accordingly, Plaintiff's Motion to Strike [doc. 85] is **GRANTED IN PART** and **DENIED IN PART** as follows:

- *Requests for Admission Nos. 10, 19, 21, and 22*: CAR provided a response to each of these requests that was subject to a boilerplate objection.  Accordingly, the Motion to Strike [doc. 85] is **GRANTED** insofar as each boilerplate objection within the responses to these requests is struck and each request is deemed admitted.

- *Requests for Admission Nos. 1-6, 9, 11, 12, and 14-16*: Each of these requests seeks admission to a fact that has now been established through the Joint Stipulation [doc. 80]. Accordingly, the Motion to Strike [doc. 85] as to these requests is **DENIED AS MOOT**.

- *Requests for Admission Nos. 7, 8, 17, and 23-28*: Each of these requests seeks admission related to a fact that has now been established through the Joint Stipulation [doc. 80], making them irrelevant to the remaining issues for trial.  Accordingly, as Rule 36 only allows requests for information that is relevant and within the scope of Rule 26, the Motion to Strike [doc. 85] the responses to these requests and deem them admitted is **DENIED**.

- *Requests for Admission Nos. 13, 18, and 20*: Each of these requests seeks an admission that would call for a legal conclusion to be made, which is not within the permissible scope of admissions allowed to be sought under Rule 36.  Accordingly, the Motion to Strike the responses to these requests and deem them admitted is **DENIED**.

Finally, Plaintiff argues the Requests for Admission should be deemed admitted because the Defendants answered jointly and not individually.  This argument is unpersuasive as the Requests for Admissions [doc. 85, att. 3] were only directed to CAR, and so only CAR was obligated to respond.  The relief herein granted with respect to the Requests for Admission shall apply only to CAR, even though the responses mistakenly named all defendants [doc. 85, att. 5].

### C. *Motion for Protective Order*

Defendants' Motion for Protective Order [doc. 90] seeks an order preventing Plaintiff from obtaining discovery, by written request of by deposition, of any matters that fall outside of the issues of causation of Plaintiff's injuries and the extent of her damages.  As all of the requested relief in Defendants' Motion for Protective Order [doc. 90] has been granted through the resolution of Plaintiff's Motion to Compel [doc. 83] and Motion to Strike [doc. 85], *see supra* Section II(A)-(B), Defendants' Motion for Protective Order is **GRANTED IN PART** to the extent consistent with this court's ruling on Plaintiff's motions as set forth herein, and **DENIED IN PART** to the extent Defendants seek any relief in addition to or inconsistent therewith.

### D. *Motion for Attorney Fees*

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*  The rule is the same with respect to motions for protective orders.  Fed. R. Civ. P. 26(c)(3).

The court finds that an award for reasonable expenses and attorney fees is unwarranted on the record of this matter as to any and all of the motions resolved.  Accordingly, each motion for an award of reasonable expenses and attorney fees [docs. 83, 85, 90] is **DENIED**.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [doc. 83] is **GRANTED IN PART** and **DENIED IN PART** as hereinabove set forth. Defendants shall provide full and complete responses to the discovery requests served by Plaintiff in accordance with this Memorandum Order within fourteen (14) days after the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that by June 3, 2026, the parties shall participate in a conference either in person or by telephone to identify all remaining deponents and to provide one another every available deposition date counsel has between the conference date and July 31, 2026. The parties shall hold each of these available dates open until all remaining depositions are scheduled within this window.  No later than June 5, 2026, the parties shall file a joint status report regarding their efforts to arrange all remaining depositions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike [doc. 85] is **GRANTED IN PART** and **DENIED IN PART** as hereinabove set forth.

**IT IS FURTHER ORDERED** the Defendants' Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART** as hereinabove set forth.

**IT IS FURTHER ORDERED** that each party's request for reasonable expenses and attorney fees in connection with each of their respective motions [docs. 83, 85, 90] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 5th day of June, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**